IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| **JUAN GILBERTO ESCOBAR, ET AL.,** | § § § | |
| *Plaintiffs,* | § § § § | |
| vs. | § § § | **CIVIL ACTION NO. 7:20-cv-202** |
| **ROMA INDEPENDENT SCHOOL DISTRICT** | § § § § § | |
| *Defendant.* | § | **JURY DEMANDED** |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Juan Gilberto Escobar and Ramiro Guillen, (hereinafter called "Plaintiffs"), complaining of and about Roma Independent School District, (hereinafter "RISD" or "Defendant") and for cause of action shows unto the Court the following:

### I. PARTIES AND SERVICE

1. Plaintiff Juan Gilberto Escobar is a citizen of the United States and the State of Texas and resides in Starr County, Texas.

2. Plaintiff Ramiro Guillen is a citizen of the United States and the State of Texas and resides in Starr County, Texas.

13. Defendant Roma Independent School District may be served by serving its School Board President, Clarissa B. Alvarez, at 608 North Garcia Street, Roma, Texas 78584. Defendant is an independent school district in Texas.

## II.   JURISDICTION

14. The Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 as Plaintiffs are suing Defendants under Section 1983 of Title 42 of the United States Code for violating the rights guaranteed to him by the First Amendment of the United States Constitution.

## III.   VENUE

15. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court of the Southern District of Texas, McAllen Division, as a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## IV.   FACTS

16. *Plaintiffs* (Juan Gilberto Escobar, Ramiro Guillen, et al.) engaged in their First Amendment rights to engage in political activity when he supported a political party, but then that RISD Board Member (Moreno) engaged in action that violated Plaintiffs First Amendment rights. Specifically, Mr. Escobar as an employee (Teacher) of RISD engaged in his First Amendment rights in February 2020.

17. On February 27, 2020, in a public setting surrounded by dozens of witnesses, Raul Moreno (School Board Member) called Mr. Escobar to approach him. When close, Moreno confronted Escobar at an Election Site near a political candidate's tent.

18. Immediately it became apparent that Moreno was agitated and aggressive towards Escobar for his political association, as he accused Escobar of "starring his way" to justify his

hostile, nonsensical confrontation.

19. After Escobar responded to the verbal attack by demonstrating that there was no animosity amongst the two, Moreno continued to belittle and mock his position as Municipal Judge, even including a burst into laughter when Moreno further made clear that "[he] can and [does] whatever the fuck [he] wants." This type of "above the law" behavior, combined with political animosity directly resulted in this malicious, violent and retaliatory altercation.

20. Soon after, the altercation evolved into a physical assault when Moreno physically shoved Escobar, in his abdomen. In an effort not to avoid further altercations, Escobar attempted to walk away, as Moreno hurled further insults. As Escobar sought to respond, with his hands in pocket (to signal his non-violent stance), Moreno, again, physically assaulted Escobar by forcefully shoving him in the chest.

21. Notably, after the second physical assault, Escobar continued to try and neutralize the situation with a non-aggressive stance and expressed that Moreno's action were grossly inappropriate and uncalled-for, unwelcomed physically hostile aggression. Soon after, a Sheriff's Deputy that was on-site intervened and approach both Mr. Moreno and Mr. Escobar. As a result of the unwelcomed physical altercation, Mr. Escobar agreed to file an incident report.

22. Moreover, after the incident, Mr. Moreno (and through his spouse) posted false and negative information in a group forums – meant to cover up his unwarranted blatant physical assault. The spouse of Mr. Moreno posted on Social Media that Escobar's version of the events was a twisting of the events or an inaccurate account, in an effort to disguise the egregious unconsented physical aggression of Mr. Raul Moreno against Escobar. Notably, this unwelcomed backlash and on-going misrepresentation by the RISD Board Member against Mr. Escobar (as Teacher) is the basis of the adverse employment action subjected on Mr. Escobar. Since the

incident and thereafter, Mr. Moreno continues to make efforts to publicly humiliate and shame by spreading false information about the incident.

23. Importantly, this type of political retaliation is not an isolated incident and has occurred to others such as Plaintiff, Ramiro Guillen, employee of RISD, who has personal knowledge that Mr. Moreno (RISD Board Member) blatantly told him that he was being reassigned in his school position – as a direct consequence of his political affiliation with the party opposing Raul Moreno's party.

24. Thus, as a result, Plaintiffs, individually and collectively, have suffered damages to their reputation.

## V.   CAUSE OF ACTION
### FIRST AMENDMENT RETALIATION (42 U.S.C. §1983)

25. Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

26. Plaintiffs assert they have suffered retaliation due to speech protected by the First Amendment. Specifically, Plaintiffs contend 1) that the Plaintiffs engaged in speech involving a matter of public concern, (2) that Plaintiffs suffered an adverse employment action for exercising their First Amendment rights, and (3) that the employee's exercise of free speech was a substantial or motivating factor in the adverse employment action. This would include an adverse action taken against a spouse due to the other spouses protected speech.

## VI.   DAMAGES

27. Plaintiffs have sustained damages as a result of Defendants' actions described herein. Accordingly, Plaintiffs are entitled to an award of actual and compensatory damages in an amount that exceeds the minimum jurisdictional limits of this Court, including, but not limited to:

mental anguish and emotional pain and suffering in the past and future; impairment of reputation, personal humiliation; lost wages and benefits in the past and future; together with pre-judgment and post-judgment interest as allowed by law.

28. Additionally, as a result of Defendants' above-described actions and/or omissions, Plaintiffs were required to retain counsel. Accordingly, Plaintiffs also seek compensation for attorney's fees, as well as out-of-pocket expenses and costs.

## VII.   JURY DEMAND

29. Plaintiffs demand a trial by jury and paid the jury fee when they filed their Original Complaint.

## VIII.   PRAYER

For the reasons set forth above, Plaintiffs Juan Gilberto Escobar, et al. respectfully prays that the Defendant be cited to appear and answer herein, and for the following relief:

a. a judgment in Plaintiffs favor on all claims asserted in this complaint;
b. past and future wages;
c. lost employment benefits;
d. compensatory damages;
e. pre-judgment and post-judgment interest as permitted by law;
f. reasonable attorney's fees and costs; and
g. for such other and further relief to which Plaintiffs may show himself to be justly entitled.

Respectfully Submitted,



By: _____
Alfonso Kennard, Jr.
Texas Bar No. 24036888

2603 Augusta Drive, Suite 1450
Houston Texas 77057
(713) 742-0900 main
(713) 742-0951 facsimile
Email: alfonso.kennard@KennardLaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**